JUDGE FURMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                               :
UNITED STATES OF AMERICA       :
                               :
        - v. -                 :
                               :    SEALED INDICTMENT
ROGER RALSTON,                 :
                               :    19 Cr. ____
            Defendant.         :
- - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 2 0 2019

**19 CRIM 774**

## COUNT ONE
### (Mail and Wire Fraud Conspiracy)

The Grand Jury charges:

### The Defendant

1.    At all times relevant to this Indictment, ROGER RALSTON, the defendant, was the Chief Executive Officer of DirectView Holdings, Inc. ("DirectView"), a Florida-based corporation, and resided in the United States.

### The Investment Fraud Scheme

2.    From at least in or about 2009, up to and including in or about 2015, ROGER RALSTON, the defendant, and others known and unknown, engaged in a scheme to defraud victims in the United Kingdom through the sale of false, fraudulent, and materially misleading investments, and to launder the proceeds through bank accounts in the United States and foreign countries (the "Investment Fraud Scheme").

3.    As part of the Investment Fraud Scheme, ROGER RALSTON, the defendant, and others known and unknown, used the

services of telemarketing call centers to identify and cold-call potential victims. The victims were primarily individuals residing in the United Kingdom, many of whom were elderly or retired, including many victims over the age of 55. Over a series of telephone calls, the telemarketers persuaded the victims to invest money under various false and misleading pretenses, including the promise of short-term, high-yield, no-risk returns, when in fact the investments were high-risk, illiquid, and/or entirely fictitious. Many victims were persuaded to make additional investments on the false pretense that they would not be permitted to sell their holdings until they purchased more. In reliance on the false representations and promises, the victims wired funds to various bank accounts in the United States, including in the Southern District of New York, in the names of entities controlled by RALSTON. RALSTON, with assistance from others known and unknown, caused documents related to the fraudulent investments, including purchase contracts and investment certificates, to be sent to the victims by mail, including Federal Express, and by email. Victims who tried to sell their investments found they were unable to do so. The victims never received a refund on their principal or any return on their investments.

4.     In order to conceal the nature, location, source, ownership, and control of the proceeds of the Investment Fraud Scheme, ROGER RALSTON, the defendant, regularly transferred a substantial portion of the fraud proceeds from bank accounts in the United States, including in the Southern District of New York, to overseas bank accounts, including accounts in Cyprus, Switzerland, and the United Kingdom, in the names of various shell companies (the "Foreign Bank Accounts"). The Foreign Bank Accounts were opened by co-conspirators not named as defendants herein.

5.     During the course of the Investment Fraud Scheme, the means and methods of the Investment Fraud Scheme remained materially the same, while the nature of the particular fraudulent investment vehicle being marketed to the victims changed over time.

**The Stock Fraud**

6.     As part of the Investment Fraud Scheme, from in or about 2009, up to and including in or about January 2011, ROGER RALSTON, the defendant, and others known and unknown, engaged in the sale of restricted shares of DirectView (the "Stock Fraud"). Beginning in or about March 2010, DirectView shares were publicly traded on over-the-counter markets. Over-the-counter stocks, also frequently referred to as "penny stocks," are typically issued by smaller companies that cannot meet the listing requirements of formal stock exchanges, such as the New York Stock Exchange. During the Stock Fraud, victims in the United Kingdom were persuaded by

3

telemarketers to purchase shares in DirectView based on false representations and promises that the shares were a no-risk, short-term investment in a debt-free company, and that the shares were likely to increase over 100 percent in value in a short period of time. The telemarketers also minimized or did not mention the fact that the shares were "restricted," meaning that there were rules and exemptions that had to be met before the shares could be resold. In contrast, DirectView's annual report filed with the United States Securities and Exchange Commission ("SEC") for the year ending December 31, 2010, contained dire warnings about the poor fiscal health of DirectView and the risk attendant in purchasing stock, including that the company "may be forced to cease operations" due to losses and cash flow problems, and purchasers "may find it extremely difficult or impossible to resell our shares."

7.    The fraud proceeds from the Stock Fraud were wired to bank accounts in the United States controlled by ROGER RALSTON, the defendant. RALSTON communicated over email with co-conspirators not named as defendants herein to coordinate the movement of victim funds and the mailing and emailing of documents related to the Stock Fraud to the victims. After receiving the fraud proceeds, RALSTON wired a substantial portion of the proceeds to the Foreign Bank Accounts for the purpose of relocating those fraud proceeds to foreign jurisdictions.

**The Carbon Credit Fraud**

8.    As part of the Investment Fraud Scheme, from in or about 2011 through in or about 2015, ROGER RALSTON, the defendant, and others known and unknown, engaged in the sale of fraudulent "carbon credits" (the "Carbon Credit Fraud"). "Carbon credits," which are issued as part of governmental and voluntary regulatory regimes, are permits representing the right to emit a certain number of tons of carbon dioxide into the atmosphere. "Carbon offsets," which are tied to particular carbon-reducing projects, represent a reduction in carbon dioxide emissions, and can be purchased by individuals and companies to "offset" their or third parties' "carbon-footprints." During the Carbon Credit Fraud, telemarketers cold-called potential victims, who primarily resided in the United Kingdom, and persuaded them through fraudulent pretenses to purchase environmentally friendly "carbon credits" or "offsets." The victims were falsely promised that the carbon-related investments they purchased could be easily sold, carried no risk, and would yield a significant, short-term return. In fact, the carbon credits and offsets that were sold to the victims were fake, and did not represent any actual carbon credits or offsets.

9.    The fraud proceeds from the Carbon Credit Fraud were wired to bank accounts in the United States, including in the Southern District of New York, controlled by ROGER RALSTON, the defendant. RALSTON communicated over email with co-conspirators

not named as defendants herein to coordinate the movement of victim funds and the mailing and emailing of documents related to the Carbon Credit Fraud to the victims, including "emissions reduction purchase agreements," and fake carbon credit certificates with fictitious serial numbers. After receiving the fraud proceeds, RALSTON wired a substantial portion of the proceeds to the Foreign Bank Accounts.

## STATUTORY ALLEGATIONS

10.   From at least in or about 2009, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, ROGER RALSTON, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2326, and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2326.

11.   It was a part and object of the conspiracy that ROGER RALSTON, the defendant, and others known and unknown, in connection with the conduct of telemarketing that victimized ten and more persons over the age of 55 and targeted persons over the age of 55, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such

scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service, and deposit and cause to be deposited a matter and thing to be sent and delivered by a private and commercial interstate carrier, and take and receive therefrom, a matter and thing, and knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, a matter and thing, in violation of Title 18, United States Code, Sections 1341 and 2326, to wit, RALSTON engaged in the Investment Fraud Scheme, and transmitted and caused others to transmit, by means of the mails and private and commercial intestate carriers, documents related to the Investment Fraud Scheme, including purchase contracts and investment certificates, in order to execute the Investment Fraud Scheme and obtain the proceeds therefrom.

12.    It was a further part and object of the conspiracy that ROGER RALSTON, the defendant, and others known and unknown, in connection with the conduct of telemarketing that victimized ten and more persons over the age of 55 and targeted persons over the age of 55, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit

and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 2326, to wit, RALSTON engaged in the Investment Fraud Scheme, and transmitted and caused others to transmit by means of international and interstate wire, documents related to the Investment Fraud Scheme, including purchase contracts and investment certificates, in order to execute the Investment Fraud Scheme and obtain the proceeds therefrom, which proceeds were sent to RALSTON by interstate and international wire.

(Title 18, United States Code, Sections 1349, 2326(1), & 2326(2).)

## COUNT TWO
### (Mail Fraud)

The Grand Jury further charges:

13.   The allegations set forth in paragraphs 1 through 9 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

14.   From at least in or about 2009, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, ROGER RALSTON, the defendant, in connection with the conduct of telemarketing that victimized ten and more persons over the age of 55 and targeted persons over the age of 55, willfully and knowingly, having devised and intending to devise a

scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, placed in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service, and deposited and caused to be deposited a matter and thing to be sent and delivered by a private and commercial interstate carrier, and took and received therefrom, a matter and thing, and knowingly caused to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, a matter and thing, to wit, RALSTON engaged in the Investment Fraud Scheme, and transmitted and caused others to transmit, by means of the mails and private and commercial intestate carriers, documents related to the Investment Fraud Scheme, including purchase contracts and investment certificates, in order to execute the Investment Fraud Scheme and obtain the proceeds therefrom.

    (Title 18, United States Code, Sections 1341, 2, 2326(1), & 2326(2).)

## COUNT THREE
### (Wire Fraud)

    The Grand Jury further charges:

    15.  The allegations set forth in paragraphs 1 through 9 of this Indictment are repeated, realleged, and incorporated by

reference as though fully set forth herein.

16.   From at least in or about 2009, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, ROGER RALSTON, the defendant, in connection with the conduct of telemarketing that victimized ten and more persons over the age of 55 and targeted persons over the age of 55, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, RALSTON engaged in the Investment Fraud Scheme, and transmitted and caused others to transmit by means of international and interstate wire, documents related to the Investment Fraud Scheme, including purchase contracts and investment certificates, in order to execute the Investment Fraud Scheme and obtain the proceeds therefrom, which proceeds were sent to RALSTON by interstate and international wire.

(Title 18, United States Code, Sections 1343, 2, 2326(1) &
2326(2).)

## COUNT FOUR
### (Money Laundering Conspiracy)

The Grand Jury further charges:

17.   The allegations set forth in paragraphs 1 through 9 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

18.   From at least in or about 2009 up to and including at least in or about 2015, in the Southern District of New York and elsewhere, ROGER RALSTON, the defendant, and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to violate the money laundering laws of the United States.

19.   It was a part and an object of the conspiracy that ROGER RALSTON, the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), to wit, the proceeds of the mail and wire fraud offenses charged in Counts One through Three of this Indictment, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity,

in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

20. It was further a part and an object of the
conspiracy that ROGER RALSTON, the defendant, and others known
and unknown, would and did transport, transmit, and transfer,
and attempt to transport, transmit, and transfer, a monetary
instrument and funds from a place in the United States to and
through a place outside the United States, and to a place in the
United States from and through a place outside the United
States, knowing that the monetary instrument and funds involved
in the transportation, transmission, and transfer represented
the proceeds of some form of unlawful activity and knowing that
such transportation, transmission, and transfer was designed in
whole and in part to conceal and disguise the nature, the
location, the source, the ownership, and the control of the
proceeds of specified unlawful activity, to wit, the mail and
wire fraud offenses charged in Counts One through Three of this
Indictment, in violation of Title 18, United States Code,
Section 1956(a)(2)(B)(i).

21. It was further a part and an object of the
conspiracy that ROGER RALSTON, the defendant, and others known
and unknown, in an offense involving and affecting interstate
and foreign commerce, knowingly would and did engage and attempt
to engage in a monetary transaction in criminally derived

property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the mail and wire fraud offenses charged in Counts One through Three of this Indictment, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

### COUNT FIVE
### (Money Laundering)

The Grand Jury further charges:

22.   The allegations set forth in paragraphs 1 through 9 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

23.   From at least in or about 2009 up to and including at least in or about 2015, in the Southern District of New York and elsewhere, ROGER RALSTON, the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), to wit, the proceeds of the mail and wire fraud offenses charged in Counts One through Three of this Indictment, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity,

and aided and abetted the same.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) & 2.)

## COUNT SIX
### (Money Laundering)

The Grand Jury further charges:

24.   The allegations set forth in paragraphs 1 through 9 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

25.   From at least in or about 2009 up to and including at least in or about 2015, in the Southern District of New York and elsewhere, ROGER RALSTON, the defendant, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, the mail and wire fraud offenses charged in Counts One through Three of this Indictment,

and aided and abetted the same.

(Title 18, United States Code, Sections 1956(a)(2)(B)(i) & 2.)

## COUNT SEVEN
### (Money Laundering)

The Grand Jury further charges:

26.   The allegations set forth in paragraphs 1 through 9 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

27.   From at least in or about 2009 up to and including at least in or about 2015, in the Southern District of New York and elsewhere, ROGER RALSTON, the defendant, in an offense involving and affecting interstate and foreign commerce, knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the mail and wire fraud offenses charged in Counts One through Three of this Indictment, and aided and abetted the same.

(Title 18, United States Code, Sections 1957 & 2.)

## FORFEITURE ALLEGATIONS

28.   As a result of committing the offenses alleged in Counts One through Three of this Indictment, ROGER RALSTON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), any and all real or

personal property used or intended to be used to commit, facilitate, or to promote the commission of said offenses; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

29.   As a result of committing the offenses alleged in Counts Four through Seven of this Indictment, ROGER RALSTON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

**Substitute Assets Provision**

30.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable

property.

(Title 18, United States Code, Sections 981, 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

17

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**ROGER RALSTON,**

Defendant.

---

**SEALED INDICTMENT**

(18 U.S.C. §§ 1341, 1343, 1349, 1956,
1957, 2326, & 2.)

GEOFFREY S. BERMAN
United States Attorney

Foreperson

---

10/29/19   FILED INDICTMT. WARRNT ISSUED

COTT/USMJ