UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     -against-<br><br>ROGER RALSTON, CHRISTOPHER WRIGHT, and STEVEN HOOPER,<br><br>        Defendants. | 19-cr-774 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On July 12, 2024, defendants Steven Hooper and Christopher Wright filed a letter brief seeking to add a nominal term of one day of supervised release to their respective sentences, which would allow each of them to potentially qualify for early release under the First Step Act, see 18 U.S.C. § 3632(d)(4)(C), and thereby potentially reduce their terms of confinement by 365 days. The Government filed a letter response on August 20, 2024 opposing the applications, and defendants replied on August 23, 2024.

The Court need not reach the question of whether sentencing disparities between defendants subject to deportation orders and defendants not subject to deportation orders give rise to "extraordinary and compelling circumstances" that warrant modifying the sentences of those subject to such orders. Compare United States v. Herrera, No. 21-cr-750, 2023 WL 3862695, at *3 (S.D.N.Y. June 7, 2023), with United States v. Perez Sanchez, No. 16-cr-661, 2024 WL 1069884, at *5 (E.D.N.Y. Mar. 12, 2024). Even

1

if such circumstances were present in this case or there were any other reasons for regarding defendants' sentences as presenting "extraordinary and compelling circumstances," defendants would still not qualify for relief, as the 18 U.S.C. § 3553 factors would strongly weigh against modifying their sentences. Defendants engaged in a despicable financial fraud that preyed upon elderly victims. Nonetheless, in sentencing each of the defendants, the Court departed substantially downward from both the statutory maximum and the recommended Sentencing Guidelines range. By following Probation's recommendation not to impose sentences including terms of supervised release, the Court not only adopted the view that supervised release was inappropriate for defendants facing immediate deportation following release from prison, but also in effect expressed its determination that defendants should serve the full terms imposed because of the gravity of their misconduct. Accordingly, defendants' application is hereby denied.

    SO ORDERED.

New York, NY
8/26, 2024

_____
JED S. RAKOFF, U.S.D.J.