UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | |
|---|---|
| -against- | 19-cr-774-01 (JSR) |
| ROGER RALSTON, | ORDER |
| Defendant. | |

JED S. RAKOFF, U.S.D.J.:

Before the Court is defendant Roger Ralston's pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Ralston, who is serving a below-Guidelines sentence of sixty months after pleading guilty to conspiring to commit bank and wire fraud, argues that he is entitled to a sentence reduction based on the living conditions at FCI Coleman Low, his wife's health issues, and his own cardiac problems. See ECF No. 258, 274. For the reasons stated below, the Court denies the motion.

District courts are authorized to modify a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A) where (1) the defendant has complied with the administrative exhaustion requirement, (2) the defendant has demonstrated that extraordinary and compelling reasons warrant a sentence reduction, (3) the 18 U.S.C. § 3553(a) factors are consistent with a lesser sentence than that previously imposed, and (4) there is a particular sentence reduction consistent with the § 3553(a) factors that is warranted by extraordinary and compelling reasons. See United States v. Garcia, 505 F. Supp. 3d 328, 331 (S.D.N.Y. 2020). District courts have broad discretion to determine what facts, if any, qualify

1

as extraordinary and compelling reasons justifying a sentence reduction. See United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).

Assuming that Ralston has satisfied the administrative exhaustion requirement, he has not demonstrated that extraordinary and compelling reasons warrant reducing his sentence. Ralston first argues that he is entitled to a sentence reduction because of allegedly dangerous and unsanitary conditions at FCI Coleman Low, where he served the first ninth months of his sentence. However, where conditions of confinement are not unique to a particular defendant, courts are reluctant to conclude that extraordinary and compelling reasons warrant reducing that defendant's sentence. See, e.g., United States v. Spiegelman, No. 20-cr-609, 2022 WL 3644370, at *3 (S.D.N.Y. Dec. 29, 2023) (gathering cases). And, by Ralston's own account, Ralston has since been transferred to FCI Coleman Low's "satellite campus," where his living conditions have improved. Accordingly, the Court finds that the conditions Ralston alleges do not constitute extraordinary and compelling reasons that warrant reducing his sentence.

Ralston next argues that he is entitled to a sentence reduction based on his wife's health issues. "[T]he Court has been freed by Brooker to consider the myriad of family circumstances that might warrant granting compassionate release."[1] See United States v. John, No. 15-cr-208, 2020 WL 6581217, at *2 (S.D.N.Y. 2020). Under the

---

[1] Unless otherwise indicated, case quotations omit all internal alterations, citations, footnotes, and quotation marks.

2

Sentencing Guidelines, a sentence reduction may be warranted where the defendant's spouse is "incapacitat[ed]" and the defendant is their "only available caregiver." U.S.S.G. § 1B1.13(b)(3)(B). Ralston explains that his wife has experienced several incidents in which she suffered severe pain in connection with her kidney problems and had to be taken to the hospital. There are days when she cannot cook or care for herself. And she will soon require a knee surgery, which will be followed by a lengthy recovery process.

However, even assuming that Ralston's wife is therefore "incapacitated," Ralston has not demonstrated that he is her "only available caregiver." Both of Ralston's sons are in college and work full time, but live within ten miles of his wife's house. See United States v. Sanchez, No. 01-cr-74-02, 2023 WL 7103277, at *6 (S.D.N.Y. Oct. 27, 2023) ("While the external commitments of [the defendant's] family members might make caretaking difficult, that is merely the inevitable circumstances families face when a family member is incarcerated, not an extraordinary and compelling reason to reduce a sentence."). And although one of Ralston's daughters lives two hours away and the other lives in Italy, Ralston has not indicated that they are unwilling to help care for their mother. Under these circumstances, Ralston's wife's health issues do not give rise to extraordinary and compelling reasons warranting a sentence reduction.

Finally, Ralston argues that he entitled to a sentence reduction because of his own cardiac problems. Specifically, Ralston argues that he is unable access certain cardiac medications in prison and that he

3

has been unable to attend meetings with his regular cardiologists. As a result, he suffers "cardiac discomfort" and has on occasion struggled to return to his cell. In addition, on one Friday night, Ralston felt unwell and was not seen by a medic until Monday morning, after which he was taken to the hospital in an ambulance. While unfortunate, these circumstances do not present extraordinary and compelling reasons that warrant reducing Ralston's sentence. Ralston's submission indicates that he has been prescribed and administered cardiac medications and seen cardiac specialists on at least two separate occasions while incarcerated. And although Ralston states that he is at increased risk for contracting COVID-19 because of his cardiac problems, he has not demonstrated that BOP has failed to manage any such risk, over a year after the COVID-19 public health emergency ended in May 2023. See United States v. Cromitie, No. 09-cr-558, 2024 WL 216540, at *8 (S.D.N.Y. Jan. 19, 2024). For all these reasons, the Court concludes that Ralston has not satisfied the requirement of demonstrating extraordinary and compelling reasons for reducing his sentence.

Even if Ralston had presented extraordinary and compelling circumstances, he would still not qualify for relief, as the 18 U.S.C. § 3553(a) factors would strongly weigh against reducing his sentence. Ralston engaged in a despicable fraud scheme that preyed upon elderly victims. In addition, in weighing the § 3553(a) factors at sentencing, the Court specifically considered the impact that a sentence of imprisonment would have on Ralston's ability to care for his wife. See

4

ECF No. 261 at 10:23-25, 11:1-2. Under these circumstances, the Court declines to disturb Ralston's sentence.

For the above stated reasons, Raltson's motion for a sentence reduction is hereby denied.

SO ORDERED.

New York, NY
10/29, 2024

JED S. RAKOFF, U.S.D.J.